James T. MINDO, Appellant,

v.

**NEW JERSEY DEPARTMENT OF LA-BOR AND INDUSTRY, and Charles Serraino, Commissioner.**

No. 71–1001.

United States Court of Appeals, Third Circuit.

Argued April 6, 1971.

Decided June 7, 1971.

Barry Benefield, Newark-Essex Joint Law Reform Project, Newark, N. J., for appellant.

John P. Sheridan, Jr., Deputy Atty. Gen., Dept. of Law and Public Safety, Division of Law, Trenton, N. J. (George F. Kugler, Jr., Trenton, N. J., Atty. Gen., of N. J., Stephen Skillman, Asst. Atty. Gen., of counsel, on the brief), for defendants-appellees.

Before GANEY, VAN DUSEN and GIBBONS, Circuit Judges.

OPINION OF THE COURT

GANEY, Circuit Judge.

The class action here involved, brought on October 13, 1970, seeks to have a part of N.J.S.A. 43:21–6(b) (1) of the New Jersey Unemployment Compensation Law[1] declared unconstitutional under the Fourteenth Amendment to the United States Constitution, insofar as it authorizes the suspension or termination of unemployment compensa-

---

1. The pertinent portion of this section provides: "If an appeal is duly filed, benefits with respect to the period covered by the appeal shall be payable only after a determination of entitlement by the appellate tribunal; * * *"

tion benefits without a prior hearing and a decision adverse to the employee on the mere filing of an employer challenge to eligibility. The action also seeks to have the same part of the section declared to be inconsistent with § 303(a) (1, 3) of the Social Security Act, 42 U.S.C. § 503(a) (1, 3).[2] The complaint avers that on July 23, 1970, plaintiff applied for unemployment insurance benefits, was later declared eligible for those benefits and began receiving a weekly payment of $69.00 on August 25, 1970; that payments were suspended as of September 1, 1970, without formal notice or hearing being given the plaintiff, when a former employer filed an appeal to his continued eligibility for benefits; that under N.J.S.A. 43:21–6, benefits being received by an unemployed person are automatically stopped when a former employer files an appeal from the decision by the Department that the person is entitled to benefits; and that the stoppage of payments continues until the appeal is decided in the person's favor. The prayer for relief seeks the convening of a three-judge court to decide the issues and the enjoining of the Department, the agency to which the administration of the New Jersey Compensation Law is committed, from enforcing N.J.S.A. 43:21–6 against plaintiff and the class he represents.

By order dated October 28, 1970, the district judge dismissed the complaint on the grounds that plaintiff has suffered no irreparable harm inasmuch as he has been upheld on appeal, that he received all post-unemployment benefits and is currently receiving all present benefits claimed from the State of New Jersey,[3] "and it appearing, in addition, that the United States Supreme Court, on October 26, 1970, has ordered a hearing on an appeal from a three judge court involving the same or similar issues (No. 507, California Department of Human Resources v. Java) ;". The or-

der was filed November 12, 1970. On the same date, the defendants filed a motion to dismiss the case for lack of jurisdiction on the grounds that plaintiff is not a member of the class he seeks to represent and that the class as delineated does not have standing to bring the action. In the alternative, they sought a stay of the proceedings until such time as the Supreme Court disposes of the case of California Department of Human Resources Development v. Java, Docket No. 507, on the ground that that case presents the precise question of law as this action. An affidavit accompanying the motion to dismiss set forth that plaintiff was presently receiving the benefits to which he was entitled.

The Supreme Court, on April 26, 1971, decided California Department of Human Resources Development et al. v. Java et al., 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666. It is to be noted that the California statute is almost identical with the statute in New Jersey. N.J.S.A. 43:21–6. In that case, Judith Java and Carroll Hudson brought a class action to have § 1335 of the California Unemployment Insurance Code declared unconstitutional and inconsistent with § 303(a) (1) of the Social Security Act. While the action was in progress, Hudson's eligibility was affirmed, as was Mindo's here. However, Java was ruled ineligible and the initial determination in her favor was reversed. Nevertheless, the Supreme Court went on to decide that the legislative history of the Social Security Act compelled the conclusion that " 'when due' was intended to mean at the earliest stage of unemployment that such payments were administratively feasible after giving both the worker and the employer an opportunity to be heard."

It, therefore concluded that for the inconsistency there adverted to of § 1335 of the California statute with § 303(a) (1) of the Social Security Act, the en-

---

2. This section requires administration "reasonably calculated to insure full payment of unemployment compensation when due."

3. The source of this information is not revealed by the record.

forcement of § 1335 was enjoined. Further, it must be noted that the Court did not dismiss the action as being moot, or as being an improper class action, but further ruled that by this holding it did not reach the Constitutional question of Due Process.

The district court here, having noted the pendency of *Java, supra,* was entitled to abstain, but retained jurisdiction and, therefore, the October 28, 1970, district court order dismissing the complaint because the plaintiff was receiving benefits to which he was ruled entitled by the New Jersey authorities, will be vacated, and the case remanded to that court in order that it shall make determination to proceed singly, holding that the Due Process violation alleged in the complaint is insubstantial, in which case it may decide the case alone, or, if it determines that there is substantiality to the allegation of violation of the Due Process Clause, a three-judge court will be convened to dispose of the matter.